IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

LANCE R. BELVILLE, DONALD C. CARR,
MINDI STEWART, STANLEY STEWART,
DEAN RICHARDSON, CHRISTINE
SALAMONE, CHARLES JOHNSON, JILL
DURANT, BEVERLY GORTON, JOSH
LEGATO, MICHAEL ANTRAMGARZA,
ROOFWERKS, INC., QUINTIN WILLIAMS,
ACA LEGAL INVESTIGATIONS, INC.,
JOHN MCGEE, MILLS ALLISON, DAVID H.
PATTON, INEZ A. PATTON, LAURA
ELSINGER, and GABRIEL KLETSCHKA,
individually and on behalf of all others
similarly situated,

                Plaintiffs,

v.                                 CIVIL ACTION NO.   3:13-6529

FORD MOTOR COMPANY,

                Defendant.

## ORDER

Before this Court are three related cases: *Belville v. Ford Motor Co.*, 3:13-6529; *Smith v. Ford Motor Co.*, No. 3:13-14207; and *Brandon v. Ford Motor Co.*, 3:13-20976.   These cases were filed with the Court on March 28, 2013, June 12, 2013, and July 25, 2013, respectively. As the three cases involve common questions of fact, the Court consolidated the cases on August 13, 2013, for discovery and pretrial purposes, but not for trial purposes.   *Belville v. Ford Motor Co.* was designated as the lead case.

Thereafter, the parties filed various motions in each case, including motions to dismiss the actions by Ford. On March 31, 2014, the Court granted, in part, and denied, in part, Ford's motions to dismiss. As there were a large number of individual Plaintiffs with individual claims under a wide variety of State laws, the Court directed the parties to confer and file a joint report identifying which claims the parties agree were dismissed, which claims survived, and which claims remained in dispute. On April 25, 2014, the parties submitted their report. Of the 207 distinct counts in the 3 original Complaints, the parties agreed that 94 claims were dismissed and 24 claims survived. The parties disagreed, however, on the status of the remaining 89 claims. Therefore, the Court set forth a briefing schedule on the disputed claims. Ford filed its opening brief on July 7, 2014, Plaintiffs' Response is due on August 7, 2014, and Ford's Reply is due on August 21, 2014. The Court also entered an Order and Notice setting a Scheduling/Status Conference for July 28, 2014.[1]

In the interim period, Plaintiffs filed a Motion for Leave to File First Amended Master Consolidated Class Action Complaint. ECF No. 94. The proposed Master Complaint consolidates all three cases, contains 252 counts,[2] and is 497 pages long. In their motion, Plaintiffs state that if the Court grants the amendment, they will voluntarily dismiss the actions in *Smith* and *Brandon*.

---

[1]By Order entered dated July 18, 2014, the Court cancelled the Scheduling Conference and scheduled a hearing on the supplemental briefing on September 25, 2014.

[2]There are 251 numbered counts, but Plaintiffs inadvertently forgot to number the Breach of Express Warranty claim under the Arkansas State Class section.

Ford vehemently opposes Plaintiffs' motion on a number of grounds.  Ford asserts that the Master Complaint reasserts 86 of the 94 claims the parties agreed were dismissed by virtue of the Court's decision on its motions to dismiss, it adds 89 new fraud-based claims based upon the same factual allegations the Court previously found insufficient, and it joins several new Plaintiffs.[3]  More specifically, Ford claims that the Master Complaint reasserts warranty claims that this Court unequivocally dismissed for those Plaintiffs who have not experienced an alleged sudden unintended acceleration (SUA) event.  Ford argues that Plaintiffs are making a futile attempt of a complete do-over of their cases, which will result in a entirely new round of Rule 12(b)(6) motions before a final decision is made on what claims remain from the original complaints.   Ford states it does not oppose a consolidated amended Master Complaint, provided it does not include claims already found not actionable by the Court.

On the other hand, Plaintiffs argue that the Master Complaint includes additional factual allegations that address concerns raised by the Court in its ruling on the motions to dismiss. Plaintiffs argue that Ford is not prejudiced by the amendments because discovery has not begun, a scheduling order has not been entered, and it is Plaintiffs' first request to amend.  Moreover, Plaintiffs assert the amendment simply furthers their prior claims and should come as no surprise to Ford.

---

[3] In its Response, Ford notes that four Plaintiffs from the original Complaints are omitted from the Master Complaint.

Rule 15(a)(2) of the Federal Rules of Civil Procedure permits amendment of a complaint after a responsive pleading has been filed "with the opposing party's written consent or the court's leave" and leave should be freely given "when justice so requires." *Fed. R. Civ. P.* 15(a)(2). Although Plaintiffs are correct that discovery has not begun, a scheduling order has not been entered, and it is their first attempt to amend, the Court cannot say the amendment would in no way prejudice Ford. This action was filed well over a year ago, and it has been hotly contested. Due to the complexity of the issues, the parties requested an extended briefing schedule on the first round of motions to dismiss, and it took nearly a year after this case was filed for the parties to brief, argue, and have the Court resolve those motions.[4] Without doubt, both sides have spent a considerable amount of time, money, and other resources litigating this action. Although the Court ruled on the legal issues presented by the motions to dismiss, it did not apply those principles to each and every individual plaintiff or individual claim because the briefing was not particularized in that fashion. Therefore, the Court directed the parties to file a joint report and submit additional briefing on the disputed counts.

Now, Plaintiffs seek to amend and consolidate the complaints before the briefing on the disputed claims is even complete. The Court agrees with Ford that allowing the amendment will result in a new round of 12(b)(6) motions at significant cost to the parties.

---

[4] The motions to dismiss were filed on June 27, 2013. The parties requested an extended briefing schedule so responses were not filed until September 20, 2013, and replies were not filed until October 28, 2013. During this period, there was a flurry of other motions filed. The Court set a hearing on the motions to dismiss for January 28, 2014, but it got continued upon motion by Ford until February 6. The Court issued its decision on March 31, 2014.

Although Plaintiffs argue that granting the amendment is the most efficient path, the Court disagrees.

Obviously, the parties cannot agree on how to apply the Court's first Memorandum Opinion and Order to 89 of the claims in the original Complaints. In addition, Ford argues that many of the claims in the Master Complaint are nearly identical to claims that this Court already dismissed as a matter of law and, therefore, reasserting those claims in the Master Complaint is completely futile. It is apparent from the briefing that the parties need additional guidance on how to apply the Court's decision, and it makes little sense to allow a Master Complaint before that guidance is given. Although it is conceivable that Plaintiffs may be able to revive some claims with additional factual allegations, the Court will not permit Plaintiffs to reassert claims in a Master Complaint which are futile, and it will deny any attempt to do so. Thus, the Court finds it best to sort out the claims in the original complaints before it addresses any proposed amendments to those claims.

Therefore, at this point and in the interests of justice, the Court **DENIES** Plaintiffs' motion **WITHOUT PREJUDICE** and will enter a Scheduling Order so that discovery can begin.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER: July 25, 2014

ROBERT C. CHAMBERS, CHIEF JUDGE