IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

**CHARLES JOHNSON, et al.,**

    **Plaintiffs,**

v.                                                  Case No.:  3:13-cv-06529

**FORD MOTOR COMPANY,**

    **Defendant.**

### MEMORANDUM OPINION and ORDER

Pending before the Court is Plaintiffs' Motion to Seal. (ECF No. 351). This motion asks the Court to seal a four-page document submitted by Plaintiffs as part of a companion motion challenging Ford Motor Company's ("Ford") claim that the document is protected from discovery as a privileged attorney-client communication. The document at issue, (ECF No. 351-1), was produced by Ford as part of a rolling document production. Ford now seeks to clawback the document on the basis that it was inadvertently disclosed.

In view of the Court's finding that the document is privileged and the privilege was not waived by Ford's inadvertent disclosure, the Court **GRANTS** the motion to seal and **ORDERS** that the document identified as ECF No. 351-1 be sealed and remained sealed until further order of the Court.

1

Public access to judicial records[1] "is necessary in the long run so that the public can judge the product of the courts in a given case." *Columbus-America Discovery Group v. Atlantic Mut. Ins. Co.*, 203 F.3d 291, 303 (4th Cir. 2000). The right of the public to access materials filed with the court derives from two independent sources: the First Amendment and the common law. *Stone v. University of Md. Med. Sys. Corp.,* 855 F.2d 178, 180 (4th Cir. 1988).The First Amendment right of access provides greater substantive protection to the public, but "has been extended only to particular judicial records and documents." *Id.* at 180-81 (citing *Rushford v. New Yorker Magazine, Inc.,* 846 F2d 249, 253 (4th Cir. 1988) (documents filed in connection with summary judgment motion in civil case); *In re Washington Post,* 807 F.2d 383, 390 (4th Cir. 1986) (documents filed in connection with plea hearings and sentencing hearings in criminal cases)). When a First Amendment right is present, the court may restrict access "only on the basis of a compelling governmental interest, and only if the denial is narrowly tailored to serve that interest." *Stone,* 855 F.2d at 180.

In contrast, the common law presumes a right of access to all judicial records and documents, *id.,* but the presumption may be rebutted "if countervailing interests heavily outweigh the public interests in access." *Rushford,* 846 F.2d at 253. The party seeking restriction of records bears the burden "of showing some significant interest that outweighs the presumption." *Id.* Factors that the court should consider in weighing the competing interests "include whether the records are sought for improper purposes, such as promoting public scandals or unfairly gaining a business advantage; whether release would enhance the public's understanding of an important historical event; and

---

[1] "'Judicial records' are generally defined as 'documents filed with the court [that] play a role in the adjudicative process, or adjudicate substantive rights.'" *Cochran v. Volvo Group North America, LLC,* 2013 WL 784502, at *1 (M.D.N.C. March 1, 2013) (quoting *In re Application of the United States for an Order Pursuant to 18 U.S.C. Section 2703(d),* 707 F.3d 283, 290 (4th Cir. 2013)).

whether the public has already had access to the information contained in the records." *In re Knight Publ. Co.,* 743 F.2d 231, 235 (4th Cir 1984).

Materials attached to discovery motions arguably are not "judicial records" at all. *See Kinetic Concepts, Inc. v. Convatec, Inc.,* 2010 WL 1418312 at *7 (M.D.N.C. April 2, 2010). In *Kinetic Concepts,* the district court quoted an unpublished opinion in which the Fourth Circuit "joined other courts in '[h]olding that the mere filing of a document with a court does not render the document judicial.'" *Id.* (quoting *In re Policy Mgt. Sys. Corp.,* 67 F.3d 296, 1995 WL 541623, at *4 (4th Cir. Sept. 13, 1995)). Although the Fourth Circuit has not explicitly resolved the question of whether discovery motions and materials attached to discovery motions are judicial records, the Court has stated that the right of public access to judicial records attaches only when the records "play a role in the adjudicative process, or adjudicate substantive rights." *In re Application for an Order Pursuant to 18 U.S.C. Section 2703(D),* 707 F.3d 283, 290 (4th Cir. 2013). "Because discovery motions ... involve procedural rather than 'substantive' rights of the litigants, the reasoning of *In re Policy Management* supports the view that no public right of access applies [to discovery motions]." *Kinetic Concepts, Inc.,* 2010 WL 1418312, at *9; *see also In re Providence Journal Com.,* 293 F.3d 1, 9 (1st Cir. 2002); *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.,* 263 F.3d 1304, 1312 (11th Cir. 2001); *United States v. El-Sayegh,* 131 F.3d 158, 163 (D.C. Cir. 1997); *Leucadia, Inc. v. Applied Extrusion Techs., Inc.,* 998 F.2d 157, 165 (3rd Cir. 1993). Consequently, in the absence of a public right to access materials, the court considering a motion to seal applies the "good cause" standard set forth in Fed. R. Civ. P. 26(c). *Pintos v. Pacific Creditors Ass'n.,* 565 F.3d 1106, 1115 (9th Cir. 2009).

When considering a motion to seal, the court "must comply with certain substantive and procedural requirements." *Va. Dept. of State Police v. Washington Post*, 386 F.3d 567, 576 (4th Cir. 2004). First, the court must identify the substantive source of the right to access. Next, the court must (1) give the public notice of the motion and a reasonable opportunity to be heard; (2) "consider less drastic alternatives to sealing;" and (3) state specific findings and reasons for a decision to seal documents." *Id.*

Here, ECF No. 351-1 was filed with the Court solely to facilitate a ruling on Plaintiffs' challenge to Ford's clawback of the document during the discovery process. As the document will be clawbacked, it clearly will not play a role in the adjudicative process. Accordingly, ECF No. 351-1 is not a judicial record that triggers a First Amendment or common law right to access, and to justify sealing it, the parties must only show good cause. Procedurally, the undersigned takes note that ECF No. 351-1 has been filed under seal, has been designated as sealed on the Court's docket, and has remained sealed for a period in excess of one month pending the Court's order on the companion motion; this constitutes sufficient notice and reasonable opportunity for the public to be heard. The undersigned further notes that no one has opposed the motion to seal.

In light of the undersigned's finding that ECF No. 351-1 is a privileged communication between attorney and client, and the privilege remains intact, good cause exists to keep the document sealed from public access. The importance of preserving the attorney-client privilege cannot be overvalued. "The attorney-client privilege is one of the oldest recognized privileges for confidential communications." *Swidler & Berlin v. United States,* 524 U.S. 399, 403, 118 S.Ct. 2081, 141 L.Ed.2d 379

4

(1998). "The privilege is intended to encourage 'full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and the administration of justice.'" *Swidler & Berlin,* 524 U.S. at 403 (quoting *Upjohn Co. v. United States,* 449 U.S. 383, 389, 101 S.Ct. 677, 66 L.Ed.2d 584 (1981)). The interest served by maintaining the confidentiality of the attorney-client communication in this case plainly outweighs any countervailing interest the public might have in reviewing the document.

The Clerk is directed to provide a copy of this Order to counsel of record and any unrepresented party.

**ENTERED:** April 15, 2015

_____
Cheryl A. Eifert
United States Magistrate Judge