IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

CHARLES JOHNSON, et al.,

      **Plaintiffs,**

v.    Case No.:  3:13-cv-06529

FORD MOTOR COMPANY,

      **Defendant.**

## MEMORANDUM OPINION and ORDER

Pending before the Court is Plaintiffs' Motion for Protective Order. (ECF No. 437). Defendant Ford Motor Company ("Ford") has filed a memorandum in opposition to the motion, (ECF No. 471), and Plaintiffs have replied. (ECF No. 495). Plaintiffs' motion pertains to Ford's request to take the depositions of four former plaintiffs (Laura Elsinger, Gabriel Kletschka, Dean Richardson, and Christine Salamone) in this putative class action. The four former plaintiffs filed voluntary notices of dismissal on November 26, 2014, approximately twenty months after filing suit against Ford, and after Ford had served written discovery on them and orally requested dates for their depositions. (ECF No. 471 at 4-5). Plaintiffs object to any discovery of the four former plaintiffs on the ground that they are absent class members, and Ford has not made the requisite showing to justify taking their depositions. (ECF No. 437 at 5-7).

Having fully considered the matter, the Court **DENIES** Plaintiffs' Motion for Protective Order.

1

## I.     **Relevant Legal Standards**

The United States Court of Appeals for the Fourth Circuit ("Fourth Circuit") has not specifically addressed the propriety of a defendant in a putative class action scheduling the depositions of absent class members. However, the generally accepted rule is that "discovery from such unnamed class members is not permitted absent special circumstances." *Khaliel v. Norton Healthcare, Inc. Retirement Plan,* Civil Action No. 3:08-CV-69-C, 2012 WL 6554714, at *1 (W.D.Ky Nov. 20, 2012) (*citing Boynton v. Headwaters, Inc.,* Case No. 1-02-1111-JPM-egb, 2009 WL 3103161, at *1 (W.D.Tenn. Jan. 30, 2009). Courts agree that without such a prohibition, the "principal advantage of a class action will be forfeited." *Id. (citing Groth v. Robert Bosch Corp.,* Case No. 1:07-CV-962, 2008 WL 2704709, at *1 (W.D.Mich. July 9, 2007) (holding that if all members are "routinely subject to discovery" the benefits of class action will be lost).

Courts have articulated a variety of factors to consider when determining whether discovery of absent class members should be permitted, most of which grow out of the Seventh Circuit's decision in *Clark v. Universal Builders, Inc.,* 501 F.2d 324, 340-41 (7th Cir. 1974). *See, e.g., McPhail v. First Command Fin. Planning, Inc.,* 251 F.R.D. 514, 517 (S.D. Cal. 2008) (Discovery should be permitted only when "(1) the discovery is not designed to take advantage of class members or reduce the size of the class, (2) the discovery is necessary, (3) responding to discovery requests would not require the assistance of counsel, and (4) the discovery seeks information that is not already known by the proponent."); *and McCarthy v. Paine Webber Group, Inc.,* 164 F.R.D. 309, 313 (D. Conn. 1995) ("Discovery [of absent class members] is only permitted where a strong showing is made that the information sought (1) is not sought with the purpose or effect of harassment or altering membership of the class; (2) is directly relevant to common

2

questions and unavailable from the representative parties; and (3) is necessary at trial of issues common to the class"). These standards usually require a showing of good faith motive on the part of the defendant seeking discovery. *Sibley v. Sprint Nextel Corporation,* No. 08-2063-KHV, 2009 WL 3244696, at *2 (D.Kan. Oct. 6, 2009). Given that requests that are unduly burdensome, or require the absent class members to obtain legal or expert assistance, may be used as tools to intimidate the members or reduce the class size, the scope and reach of the proposed discovery are important factors in the analysis. *Holman v. Experian Information Solutions, Inc.,* No. C 11–00180 CW (DMR), 2012 WL 2568202, at *3 (N.D.Cal. July 2, 2012) (Request to propound discovery on 38,000 absent class members was seen as a way to "whittle down the size of the class."); *Mehl v. Canadian Pacific Ry.,* 216 F.R.D. 627, 631 (D.N.D. 2003) (holding that there must be justification for discovery of absent class members as "such discovery is not generally encouraged due to its potential for harassment and due to concerns regarding its practicality"). The suspicion that discovery is being done for an improper motive grows exponentially as the sampling of absent class members selected for discovery increases in number. *Clark,* 501 F.2d at 341. Similarly, because depositions require the absent class members "to appear for questioning" and submit to "often stiff interrogation by opposing counsel with the concomitant need for counsel of their own," a defendant seeking deposition testimony carries a heavier burden to establish justification than does a defendant requesting the use of interrogatories. *Id.* Furthermore, the defendant must demonstrate a specific and actual need for the discovery, and show that the information sought is not available from the class representatives and is not already in the defendant's possession. *In re Carbon Dioxide Industry Antitrust Litigation,* 155 F.R.D. 209, 212 (M.D. Fla 1993) (Defendant must

3

show a "particularized need" to obtain information not available from the class representatives). Nevertheless, courts always have leeway to permit discovery from absent class members "when reasonably necessary, not conducted for an improper purpose, and not unduly burdensome in the context of the case and its issues." *Arrendondo v. Delano Farms Co.,* No. 1:09-CV-01247 MJS, 2014 WL 5106401, at *5 (E.D. Cal. Oct. 10, 2014).

## II. Discussion

Taking into account the aforestated considerations, the undersigned finds that Ford has met its burden to justify the four depositions requested. First, the discovery does not appear designed to take advantage of the class members or reduce the size of the class. As Ford emphasizes, all four of the proposed deponents were named plaintiffs in the litigation for nearly two years. Certainly, when these individuals agreed to participate in the case in a representative capacity, they should have realized that they would be expected to respond to discovery requests at some point in the proceedings. Ford does not seek leave to take long, taxing depositions; instead, it explicitly describes the scope of the questioning to include "each of the individuals' purchase, use, and potential sale of their vehicles, their involvement in this litigation, and their dismissal from this action." (ECF No. 471 at 10). Moreover, Ford does not attempt to discover this information from a large number of absent class members and does not tie a failure to respond to the discovery to any particular sanction; consequently, there is nothing to suggest a motive on Ford's part to intimidate the four proposed deponents or reduce the size of the class by taking these four depositions.

Second, Ford shows the necessity of the examination by explaining that the information sought is relevant to common issues and cannot be obtained from other

4

class representatives. In order to maintain a class action, Plaintiffs must demonstrate that "there are questions of law or fact common to the class." Fed.R.Civ.P. 23(a)(2). As the Fourth Circuit explains, "'[c]ommonality requires the plaintiff[s] to demonstrate that the class members have suffered the same injury'—a shared injury that also springs forth from the same 'common contention.'" *Ealy v. Pinkerton Government Services, Inc.*, 514 F. App'x 299, 304 (4th Cir. 2013) (*citing Wal–Mart Stores, Inc. v. Dukes*, ––– U.S. ––––, 131 S.Ct. 2541, 2556, 180 L.Ed.2d 374 (2011) (internal citations omitted). According to Plaintiffs, one common question of fact in this case is "whether Nationwide and Statewide Class members overpaid for their Ford Vehicles as a result of the defects alleged herein." (ECF No. 381-1 at 134). Ford proposes to depose four individuals who claim to have suffered a economic injury related to Ford's allegedly defective electronic throttle control system, although the individuals apparently never experienced the purported consequence of the defect; that being, a sudden unintended acceleration of their vehicle. (*See* ECF No. 1). Three of the proposed deponents (Elsinger, Kletchka, and Richardson) bought Ford vehicles, and one proposed deponent (Salamone) leased a Ford vehicle. All four vehicles used by the proposed deponents were different models. Two vehicles were new at the time of purchase, and one was used. Accordingly, depositions of these individuals could provide relevant and important information regarding the financial injury, if any, associated with the alleged defect when considering different vehicle models, when the vehicle is purchased new versus used, and when the vehicle is bought rather than leased. Information regarding the experiences of these individuals is not available from the current class representatives and is not entirely within Ford's knowledge. Plaintiffs' contention that Ford has already deposed current plaintiffs with similar experiences may be true, but alone does not

provide a reason to entirely preclude Ford from obtaining additional discovery.

Third, the proposed deponents should not require expert or legal assistance to prepare for the depositions. While Ford does seek information about the individuals' participation in the litigation and subsequent dismissals from the case, their former counsel will already be present at the depositions and can provide guidance in areas of attorney/client privilege and work product protection. Therefore, the universal concern that an absent class member will incur legal fees as a consequence of the deposition is not applicable to the factual scenario here. Ford correctly points out that the proposed deponents are not ordinary absent class members being singled out for intrusive discovery. To the contrary, these four individuals were previously named parties, who affirmatively interjected themselves into the prosecution of the claims and maintained their representative roles until opting for voluntary dismissals. During the period of their involvement, the proposed deponents filed numerous motions, including a motion to consolidate and a motion for preliminary injunction; served Ford with discovery requests; served multiple third-party subpoenas; responded to Ford's motions; participated by counsel in scheduling conferences; moved for the appointment of co-lead counsel; and moved to compel discovery from Ford. Thus, the proposed deponents are not "garden variety absent class member[s]"entitled to a shield from discovery. *In re Plasma-Derivative Protein Therapies Antitrust Litigation,* Nos. 09-c-7666, 11-c-1468, 2012 WL 1533221, at *5 (N.D. Ill. Apr. 27, 2012).

### III. Conclusion

Balancing the interests of the Plaintiffs, the proposed deponents, and Ford, the undersigned finds that deposing four former plaintiffs out of a potential class of thousands is not unduly burdensome, or designed to harass the members, or reduce the

class size. The proposed deponents have information relevant to common issues in the case, and Ford should be given some leeway to discover those issues. Therefore, the motion for protective order is **DENIED**.

The Clerk is directed to provide a copy of this Order to counsel of record and any unrepresented party.

**ENTERED:** June 4, 2015

_____
Cheryl A. Eifert
United States Magistrate Judge