IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

CHARLES JOHNSON, et al.,

TONY BURNETT, et al.,

and
                               CIVIL ACTION NOS.  3:13-6529;
                               3:13-14207; and 3:13-20976

CHARLES T. BURD, et al.,

        Plaintiffs,

v.

FORD MOTOR COMPANY,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Plaintiffs' Motion for Leave to File First Amended Master Consolidated Class Action Complaint (hereinafter the Consolidated Complaint). ECF No. 381 in 3:13-6529; ECF No. 304 in 3:13-14207; ECF No. 267 in 3:13-20976.  In their motion, Plaintiffs seek to consolidate the above-styled cases into a single action.  In the Consolidated Complaint, Plaintiffs also move to add sixteen named Plaintiffs, new factual allegations, and new and revived claims.  In addition, Plaintiffs removed the names and claims of six existing Plaintiffs.  Ford does not oppose the filing of a Consolidated Complaint as to the existing Plaintiffs, but it does oppose the addition of the sixteen new Plaintiffs and argues that eighty-one claims in the Consolidated Complaint must be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Ford also argues that Plaintiffs should be required to use Rule 41 of the Federal Rules of Civil Procedure to dismiss any of the existing named Plaintiffs.  For the

following reasons, the Court **GRANTS, IN PART, DENIES, IN PART,** and **HOLD IN ABEYANCE, IN PART,** Plaintiffs' motion.

Plaintiffs filed these three separate Class Action Complaints in 2013. Thereafter, Ford moved to dismiss all three Complaints. On March 31, 2014, the Court granted, in part, and denied, in part, Ford's motions. Following the Court's decision, the parties disagreed about whether eighty-nine of the claims survived the Court's March 31 decision. The parties briefed the disputed claims, and this Court entered a Memorandum Opinion and Order on November 14, 2014, further delineating what claims survived and what claims were dismissed. In the interim period, Plaintiffs filed a Motion for Leave to File First Amended Master Consolidated Class Action Complaint on May 27, 2014. The Court denied the motion without prejudice on July 25, 2014. The current motion was filed on March 27, 2015. Ford responded on May 1, 2015, and Plaintiffs replied on June 5, 2015. The motion is now ripe for consideration.

## I.
## JOINDER OF NEW PLAINTIFFS

Initially, the Court must address whether Plaintiffs may join the sixteen proposed Plaintiffs under Rules 15 and 20 of the Federal Rules of Civil Procedure. *See Hinson v. Norwest Fin. S.C., Inc.*, 239 F.3d 611, 618 (4th Cir. 2001) (stating "a court determining whether to grant a motion to amend to join additional plaintiffs must consider both the general principles of amendment provided by Rule 15(a) and also the more specific joinder provisions of Rule 20(a)" (citation omitted)). When an opposing party does not give written consent for a complaint to be amended after a responsive pleading has been filed, Rule 15(a)(2) permits the court to grant leave to amend and leave should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2), in

-2-

part. Although Rule 15(a)(2) encourages leniency in granting leave to amend, it is limited by justice and may be denied if an amendment would create, for instance, unfair prejudice to the non-moving party, undue delay, futility, or waste of judicial resources. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (Legitimate reasons to deny leave to amend include undue delay, futility, bad faith or dilatory motive of the movant, and unfair prejudice to the non-moving party.); *Mayfield v Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 674 F.3d 369, 379 (4th Cir. 2012) (stating "a request to amend should only be denied if one of three facts is present: 'the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or amendment would be futile'" (citation omitted)).

Pursuant to Rule 20(a), "[p]ersons may join in one action as plaintiffs if: **(A)** they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and **(B)** any question of law or fact common to all plaintiffs will arise in the action." Fed. R. Civ. P. 20(a). In other words, "Rule 20(a) permits joinder in a single action of all persons asserting, or defending against, a joint, several or alternative right to relief that arises out of the same transaction or occurrence and presents a common question of law or fact." 7 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1652 (3rd ed. 2001) (footnote omitted). The purpose of Rule 20 "is to promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits." *Id*. (footnotes omitted). Courts have wide discretion under the rule to decide whether permissive joinder should be granted. *Aleman v. Chugach Support Servs., Inc*., 485 F.3d 206, 218 n. 5 (4th Cir. 2007). A court may "'deny joinder if it determines that the

addition of the party under Rule 20 will not foster the objectives of the rule, but will result in prejudice, expense or delay.'" *Id*. (quoting 7 Wright, Miller & Kane, *supra*, § 1652).

In this case, Plaintiffs insist that the addition of sixteen new Plaintiffs meets the requirements of both Rule 15 and Rule 20. In support, Plaintiffs assert that those seeking to join the litigation are from States that either had, or continue to have, a named Plaintiff in one of the three actions filed.[1] Plaintiffs also state that the new claims related to these proposed Plaintiffs contain the same factual allegations, defect, and causes of action as existing Plaintiffs. Ford, however, argues they will be substantially prejudiced by the addition of these sixteen new Plaintiffs. Ford points out that Plaintiffs voluntarily dismissed nine Plaintiffs and removed the names of another six from the proposed Consolidated Complaint. Ford asserts that, by doing so, Plaintiffs are simply cherry picking sixteen new Plaintiffs to replace less desirable preexisting Plaintiffs. Ford claims it will be significantly prejudiced by the addition of these proposed Plaintiffs because it basically hits the "reset button" on this very complex litigation that already has been pending and hotly contested for over two years. Ford further claims that it is not as simple as Plaintiffs seem to suggest. Instead, the addition of these Plaintiffs will require additional depositions, including third-party depositions, additional vehicle inspections, additional related discovery, and travel to eleven States.

Upon consideration of the motion, the Court is very cognizant of the lenient standard under Rule 15(a) and the policy of promoting trial convenience and preventing multiple

---

[1] The proposed Plaintiffs are from California, Florida, Illinois, Massachusetts, Missouri, New Jersey, New York, North Carolina, Ohio, South Carolina, and Texas.

lawsuits under Rule 20.  However, both Rules are tempered, and motions may be denied, when amendments result in unfair prejudice to the non-moving party.  Here, the Court finds that Ford will be unfairly and substantially prejudiced by the addition of these proposed Plaintiffs at this stage in the litigation.  As mentioned by Ford, these actions were filed over two years ago.  Adding new Plaintiffs here is not simply the substitution of a successor or the addition of individuals directly involved a specific transaction with a defendant.   Over the course of these two years, the parties have engaged in complex, rigorous, contentious, and very expensive discovery, necessitated by claims asserted by dozens of Plaintiffs from many different States.  The parties also have engaged in an extensive and complex motions practice, which has involved, inter alia, determining which Plaintiffs and what claims can proceed.  Although it is true that there is overlap amongst the claims and legal theories of the proposed Plaintiffs and the existing Plaintiffs, Ford still will be required to conduct extensive and expensive discovery on each new Plaintiff's claims.  The fact that more than one Plaintiff may live in a particular State does not alleviate the necessity that Ford will have to travel to those States to conduct such discovery.   The Court agrees with Ford that the addition of these proposed Plaintiffs essentially will hit the reset button to this litigation to a significant extent.   Additionally, the Court has no doubt that joining these proposed Plaintiffs inevitably will delay resolution of this matter.  Thus, for these reasons, the Court **DENIES** Plaintiffs' motion with respect to adding sixteen new Plaintiffs under both Rule 15 and Rule 20.[2]

---

[2]In addition, the fact that there are preexisting Plaintiffs in each State for which there is a proposed new Plaintiff lends credence to Ford's assertion that Plaintiffs are merely cherry picking new Plaintiffs to replace less desirable ones.  Early in the proceedings, Ford challenged the viability of many of the claims and whether certain Plaintiffs should be dismissed, alerting Plaintiffs to perceived weaknesses with particular claims and with some Plaintiffs.  Nevertheless,

## II.
## DISMISSAL OF EXISTING PLAINTIFFS

In the proposed Consolidated Complaint, Plaintiffs omit the names and claims of six previously named Plaintiffs: Mills Allison with South Carolina claims[3] (Case no. 3:13-6529), Tony Burnett of Arkansas (Case no. 3:13-14207), Jolene Harris of Louisiana (Case no. 3:13-20976), Josh Legato with Missouri claims[4] (Case no. 3:13-6529), Roofwerks, Inc. of North Carolina (Case no. 3:13-6529), and George Shaffer of New Jersey (Case no. 3:13-14207). Ford objects to the removal of these individuals to the extent Plaintiffs have not filed a motion pursuant to Rule 41 and not presented evidence of these six individuals' desire to be dismissed. In their Reply, Plaintiffs state they are willing to follow Rule 41 in order to have these six individuals dismissed. Accordingly, the Court **DENIES** Plaintiffs' motion to the extent they simply removed these six individuals from the Consolidated Complaint. If after consideration of this Memorandum Opinion and Order Plaintiffs still seek to have these six individuals dismissed, the Court **DIRECTS** them to file motions pursuant to Rule 41 **on or before September 23, 2015**. Ford must file any objection **on or before September 28**. A reply shall be due **on or before September 30, 2015**.

## III.
## ADDITIONAL FACTS AND CLAIMS

In their Consolidated Complaint, Plaintiffs also seek to include additional factual allegations and new and revived claims. As the Court has denied Plaintiffs' motion to the extent

---

Plaintiffs did not attempt to amend any of the Complaints until May 27, 2014.

[3]Mr. Allison resides in California, but he purchased his vehicle from a private party in South Carolina.

[4]Mr. Legato resides in Kansas, but he purchased his vehicle in Missouri.

they seek to add new Plaintiffs, the Court **DENIES** the addition of any new facts and any new claims solely related to the proposed Plaintiffs.  However, the Court finds that, in the interests of justice, Plaintiffs should be able to include additional factual allegations and make new claims or revive previously dismissed claims for existing Plaintiffs.  Therefore, the Court **GRANTS** the motion to the extent any new factual allegations or claims relate to existing Plaintiffs.[5]

## IV.
## DISMISSAL OF INDIVIDUAL CLAIMS

Finally, Ford makes a number of specific arguments that certain individual claims must be dismissed on a variety of grounds.  Some of those arguments are now moot because they are directed at claims asserted by the proposed Plaintiffs which, for the reasons stated above, shall not be included in the Consolidated Complaint.  As to the remainder of the arguments directed at the claims of current Plaintiffs, the Court **RESERVES** judgment on those arguments.  The Court will address those arguments in a future Memorandum Opinion and Order.  The Court does not need additional briefing on those arguments.  After the Court rules on the individual claims, the Court will direct Plaintiffs to file a revised Consolidated Complaint.

## V.
## CONCLUSION

Accordingly, for the foregoing reasons, the Court **GRANTS** Plaintiff's motion to consolidate Civil Actions 3:13-6529, 3:13-14207, and 3:13-20976 into a single action and to file a Consolidated Complaint, and **GRANTS** Plaintiffs' motion to include in the Consolidated Complaint additional facts, revived claims, or new claims for any existing Plaintiffs.  However,

---

[5]As will be explained in the next section, some of these claims may be subject to dismissal on other grounds.

the Court **DENIES** the addition of new Plaintiffs and any claims or facts related solely to those proposed Plaintiffs. The Court further **DENIES WITHOUT PREJUDICE** the removal of any existing Plaintiffs at this time. If after consideration of this Memorandum Opinion and Order, any existing Plaintiff wants to be dismissed from this action, then that Plaintiff must file a motion pursuant to Rule 41 **on or before September 23, 2015**. Ford must file any objection **on or before September 28**. A reply shall be due **on or before September 30, 2015**. After the Court issues a Memorandum Opinion and Order on the remaining individual claims and any Orders of dismissal under Rule 41, the Court will direct Plaintiffs to file a revised Consolidated Complaint consistent with the Court's decisions. Plaintiffs need not revise the proposed Consolidated Complaint until further notice by the Court. However, the parties shall proceed under the proposed Consolidated Complaint to the extent it is consistent with this Opinion.

Therefore, the Court **DIRECTS** the Clerk of this Court to consolidate these three actions, and the Court **DESIGNATES** Civil Action No. 3:13-6529 as the lead case. No new Plaintiffs should be added to the Style or docket of the Court and all existing Plaintiffs should be included or added to the lead case. The Court **DIRECTS** that the Consolidated for Discovery Only flag be removed and all existing Plaintiffs in Civil Action Nos. 3:13-14207 and 3:13-20976 be designated as a Consolidated Plaintiff. **Hereafter, all filings shall be made only in Civil Action No. 3:13-6529**, including any motions pursuant to Rule 41 that Plaintiffs may file.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER: September 15, 2015

_____
ROBERT C. CHAMBERS, CHIEF JUDGE