IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

CHARLES JOHNSON, et al.,

        Plaintiffs,

v.                             CIVIL ACTION NO.   3:13-6529

FORD MOTOR COMPANY,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Ford Motor Company's Objections to Magistrate Judge's Order. ECF No. 642.  In its objections, Ford requests that this Court set aside the Honorable Cheryl A. Eifert's Order entered on September 22, 2015, directing Ford to engage in additional discovery. ECF No. 627.  As this is a nondispositive pretrial matter, this Court's review of the Magistrate Judge's Order is governed by the clearly erroneous or contrary to law standard of review. Fed. R. Civ. P. 72(a) (providing, in part, that a district judge may, upon objection, modify or set aside any part of a nondispositive "order that is clearly erroneous or is contrary to law"); 28 U.S.C. § 636(b)(1)(A) (providing, in part, "[a] judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law").  Utilizing this standard, the Court **DENIES** the motion for the following reasons.

Magistrate Judge Eifert's discovery Order addresses two substantive areas of relevant information: (1) Ford's engineering of the electronic throttle control (ETC) system and

(2) Ford's receipt and investigation of unintended acceleration incidents. Ford assails the discovery order by focusing on the undeniably voluminous, costly, and contentious discovery already produced, which has consumed thousands of hours of lawyers', witnesses', and Ford employees' time and attention. Claiming the newly ordered discovery to be duplicative and unduly burdensome, Ford implores the Court to set aside, or substantially reduce, the discovery approved by the Magistrate Judge. Ford asserts that the discovery Order will require Ford to produce documents and witnesses concerning matters already thoroughly covered by previous discovery, that is, Ford's engineering of the ETC system and Ford's receipt and investigation of incidents of sudden unintended acceleration. Ford also complains that this new discovery is unduly burdensome, in that depositions and computer document searches impose substantial expenses on Ford, but are unlikely to produce meaningful evidence for Plaintiffs.

Plaintiffs' claim of defect is complex: the ETC system itself is flawed resulting in sudden unintended acceleration during which the vehicle operator effectively loses control over the speed of the vehicle. Investigating the ETC system entails a number of related components and systems, their evolution in Ford's design and manufacture of several vehicle models, and alternative possible causes of sudden unintended acceleration, like mistaken pedal use by the operator. As Ford concedes, the Magistrate Judge was presented with Plaintiffs' letter-form request identifying each employee from which Plaintiffs sought a computer file search or a deposition, or both, and explaining why. Defendant responded in a thorough rebuttal, offering persuasive reasons to restrict Plaintiffs' requests. After reading these position papers, and hearing argument, Magistrate Judge Eifert entered a discovery Order which considerably narrowed the

permitted discovery.   Her decision was not simply "splitting the difference" between the parties. Instead, she was precise in listing what discovery could go forward and under what conditions.

Considering Rule 26's guidance, providing that matters such as the needs of the case, the amount in controversy, the parties' resources, and the importance of discovery are significant factors in finding that the burden, even if great, may not outweigh the likely benefits, the discovery order struck the balance appropriately.   No one can claim that the Magistrate Judge failed to consider and appreciate the complexity and expensiveness of the discovery which has taken place so far.   Magistrate Judge Eifert has been directly, continuously involved in the discovery phase, dealing with numerous discovery disputes and holding frequent discovery conferences with the parties.   With her thorough immersion in the discovery process to date, she then carefully and fairly considered each side's letter-form discussion of the specific discovery she considered in her discovery Order.   Though this Court acknowledges that Ford has expended substantial time and resources to comply with discovery to this point, the Court nonetheless is satisfied that overall discovery ordered by the Magistrate Judge is reasonable and proportional.

Ford also directs particularized objections to several portions of the discovery Order.   First, Ford asserts that requiring as many as an additional 14 full hard-drive searches is unreasonable.   Plaintiffs sought additional computer searches because Ford produced only documents identified as relevant by the "custodian" – the Ford employee whose computer is to be searched but who may have a limited recognition of what is relevant.   Instead, Plaintiffs suggested that search terms be utilized as ordered for new or repeat searches, to insure the search is responsive

to the case and about what is relevant to the claims.  It is apparent that the Magistrate Judge examined the particular circumstances of each of the custodians from whom Plaintiffs sought a hard-drive search.  The discovery Order identifies each Ford employee whose files must be searched in full with new search terms and those whose files are to be subjected to a limited search for specific matters.

Next, Ford urges the Court to deny Plaintiffs' request to depose certain employees. Some of these employees already were deposed as Rule 30(b)(6) representatives, presumably about their personal knowledge as well as what they learned in order to serve as Ford's representative witnesses.  The discovery Order specifically identifies three such deponents and limits any repeat deposition to their personal knowledge as fact witnesses, and only to the extent they were not questioned about a matter in their earlier deposition.  Further, two Ford representatives were scheduled for depositions, which Plaintiffs apparently cancelled, so Ford objects to rescheduling and re-preparing them.  Plaintiffs' explanation was accepted, implicitly, by the Magistrate Judge, and this Court also accepts it.

Accordingly, the Court **DENIES** Ford's objections. The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER:        October 26, 2015

_____

ROBERT C. CHAMBERS, CHIEF JUDGE

-4-