IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

**CHARLES JOHNSON, et al.,**

    **Plaintiffs,**

v.                                                      Case No.: 3:13-cv-06529

**FORD MOTOR COMPANY,**

    **Defendant.**

## MEMORANDUM OPINION and ORDER

Pending is Plaintiffs' Motion to Compel the Continued Deposition of Paul Szuszman. (ECF No. 847). Defendant Ford Motor Company ("Ford") filed a memorandum in opposition to the proposed continuation, (ECF No. 859), and Plaintiffs replied. (ECF No. 863). On January 13, 2017, the undersigned conducted a hearing on the motion and took the matter under advisement in order to fully examine the prior deposition testimony of Mr. Szuszman given in his personal capacity. Having considered the testimony and the arguments of counsel, the Court **GRANTS**, in part, and **DENIES**, in part, Plaintiffs' motion. Plaintiffs are granted leave to continue the fact witness deposition of Mr. Szuszman, but are limited to **four (4) additional hours** rather than the seven (7) hours requested.

Fed. R. Civ. P. 30(d) provides a presumptive time limit of seven hours for the taking of a deposition in any civil action. This limit may be extended by stipulation or order of the court. Additional time must be permitted consistent with Rule 26(b)(1) and (2) "if

needed to fairly examine the deponent or if the deponent, another person, or any other circumstance impedes or delays the examination." Fed. R. Civ. P. 30(d)(1). The party seeking to extend the examination "is expected to show good cause to justify such an order." Fed. R. Civ. P. 30(d) advisory committee's note to 2000 amendment. When determining whether the moving party has demonstrated good cause, the court should consider and weigh a variety of factors, such as: (1) the complexity of the case; (2) the proportionality of the proposed discovery in the context of discovery already completed; (3) the cumulative or duplicative nature of the testimony sought; (4) the burden to the witness and parties; (5) whether the deposition covers events occurring over a long period of time; and (6) whether the discovery sought to be obtained in the deposition can be gleaned from some other source that is less expensive, less burdensome, and more convenient. *See* Fed. R. Civ. P. 30(d)(1); *also* Fed. R. Civ. P. 30(d) advisory committee's note to 2000 amendment. The court must consider motions to extend the seven-hour limit imposed by Rule 30(d) on a case-by-case basis, as no two cases will be entirely alike.

    In this case, Plaintiffs assert that there is good cause to extend the seven-hour limit. They contend that Mr. Szuszman is a critical witness; indeed, Ford identified Mr. Szuszman as one of only two individuals possessing knowledge of issues involving the electronic throttle control system in the subject vehicles. Moreover, many of Ford's witnesses deferred to Mr. Szuszman as being the individual more knowledgeable about the architecture and design of the electronic throttle control system and the brake over accelerator function. Plaintiffs add that Mr. Szuszman's knowledge is highly technical and covers a number of years, making it impossible to obtain in seven hours all of the critical information known to Mr. Szuszman. Plaintiffs claim that extending Mr. Szuszman's deposition would be proportional to the needs of the case, considering the complexity of

the issues, and, given his central role to the matters in dispute, the most efficient way to obtain the remaining information.

In contrast, Ford argues that, for many reasons, extending Mr. Szuszman's deposition would be burdensome and unfair, as well as disproportional to the needs of the case. As an example, Ford points out that Mr. Szuszman was already deposed two full days as a corporate designee under Rule 30(b)(6) and then testified for another eight hours in his personal capacity. Ford contends that Plaintiffs have had ample opportunity to ask Mr. Szuszman all of the questions pertinent to his role as a powertrain engineer; however, Plaintiffs meandered at the third deposition and strayed from the issues that they had identified as key prior to the outset of Mr. Szuszman's testimony. Ford also notes that this Court limited Mr. Szuszman's deposition to seven hours in a September 2015 order. Consequently, Plaintiffs knew in advance the limitations associated with Mr. Szuszman's deposition and should have been better prepared to work within the confines of the Court's order. Ford adds that Plaintiffs should not be rewarded for failing to comply with the Court's reasonable restrictions on discovery.

At first blush, Ford's arguments appeared compelling. Clearly, Mr. Szuszman has testified on multiple occasions in this case; albeit twice at Ford's choice. Furthermore, Plaintiffs have been given considerable latitude in conducting discovery. However, after reviewing Mr. Szuszman's deposition transcript and weighing the various factors, the undersigned concludes that Plaintiffs have shown good cause for an additional four hours of testimony from Mr. Szuszman. This case covers a decade of information and involves numerous vehicle models. Much of the document production consists of highly technical material. Mr. Szuszman has been identified by Ford and its employees as an individual with specialized and wide-ranging knowledge about the electronic throttle control system

and its evolution. Accordingly, allowing Plaintiffs to complete Mr. Szuszman's deposition would be the most convenient and least burdensome way of obtaining the information sought by Plaintiffs. While Plaintiffs may arguably have asked some unnecessary or overly technical questions at Mr. Szuszman's deposition, for the most part, the questioning was focused and relevant. Plaintiffs did inquire regarding some of the key issues identified in advance of the deposition, but simply did not have an opportunity to complete their questioning.

Nonetheless, the undersigned is cognizant of the burden on Mr. Szuszman and Ford in disrupting Mr. Szuszman's regular business duties for a continuation of his deposition. In addition, when considering the topics that remain to be explored, Plaintiffs should be able to obtain all necessary information in significantly less than seven hours. For that reason, Plaintiffs shall be limited to four additional hours of testimony. Reasonably in advance of the continuation of the deposition, Plaintiffs should consider providing Mr. Szuszman with any documents Plaintiffs intend to address at the deposition, so that he can be prepared to discuss them. The parties are **ORDERED** to promptly meet and confer as to a convenient date and location for the conclusion of the deposition.

The Clerk is instructed to provide a copy of this Memorandum Opinion and Order to counsel of record.

**ENTERED:** January 23, 2017

_____
Cheryl A. Eifert
United States Magistrate Judge