IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

**CHARLES JOHNSON, et al.,**

    **Plaintiffs,**

v.                                           Case No.:  3:13-cv-06529

**FORD MOTOR COMPANY,**

    **Defendant.**

### **MEMORANDUM OPINION and ORDER**

    Pending before the court is Plaintiffs' Motion to Seal, (ECF No. 910), requesting that Plaintiffs' Motion to Compel Ford to Produce Documents Identified at the Deposition of Said Deep and Paul Szuszman, along with the attached exhibits, be sealed. (ECF No. 910-1).  Having reviewed the motion, and for good cause shown, the court **GRANTS** the Motion to Seal, at least temporarily. The undersigned is cognizant of the well-established Fourth Circuit precedent recognizing a presumption in favor of public access to judicial records. *Ashcraft v. Conoco, Inc.,* 218 F.3d 288 (4th Cir. 2000). As stated in *Ashcraft,* before sealing a document, the court must follow a three step process: (1) provide public notice of the request to seal; (2) consider less drastic alternatives to sealing the document; and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting alternatives. *Id.* at 302.

    In their motion to seal, Plaintiffs contend that the motion to compel and attached exhibits contain materials previously designated as confidential under a Protective Order entered in this litigation. (ECF No. 316). Accordingly, the Clerk is **ORDERED** to seal

Plaintiffs' Motion to Compel Ford to Produce Documents Identified at the Deposition of Said Deep and Paul Szuszman and its supporting exhibits until further order of the court. The sealed documents shall be designated as sealed on the docket, which the court deems to be sufficient notice to interested members of the public. The court has considered less drastic alternatives to sealing the Motion to Compel and its supporting exhibits in its entirety; however, Plaintiffs claim that the information designated as confidential is scattered throughout the motion and in the attached exhibits. Accordingly, at this time, the motion to compel and attached documents shall be sealed in their entirety. Given that this is a discovery motion, the court finds that sealing Plaintiffs' Motion to Compel and its attachments does not improperly or significantly prejudice the public's right to access court documents.

    The Clerk is instructed to provide a copy of this Order to all counsel of record and any unrepresented parties.

**ENTERED**: March 3, 2017

_____
Cheryl A. Eifert
United States Magistrate Judge