IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

CHARLES JOHNSON, et al.,

        Plaintiffs,

v.                                  CIVIL ACTION NO. 3:13-6529

FORD MOTOR COMPANY,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Ford Motor Company's Motion for Protective Order and Objections to Plaintiffs' Service of New Discovery. ECF No. 954. For the following reasons, the Court **GRANTS, in part,** and **DENIES, in part,** Ford's motion. In addition, the Court **LIFTS THE STAY** issued by the Court on May 2, 2017. ECF No. 965.

Approximately one year ago, the Court directed the parties to describe with particularity all discovery that remained outstanding.[1] Over the past year, the parties have submitted seven joint reports describing what discovery remained, and the Court has held multiple hearings to wrap up the discovery process as this case is now over four years old.[2] Believing

---

[1] On April 12, 2016, the Court entered an Order directing the parties "to confer and submit a letter to the Court identifying what specific discovery remains to be completed. To the extent the parties disagree, each side may state its position in the letter." *Order* (Apr. 12, 2016), ECF No. 732.

[2] For instance, in the Court's Order entered on August 8, 2016, the Court stated that following Dr. Sanders' report and the Magistrate Judge's Order on the source codes, "the Court expects the parties to finalize discovery deadlines." *Order* (Aug. 8, 2016), ECF No. 790. The

discovery was nearly complete based upon the representations of the parties,[3] the Court entered a Partial Scheduling Order on April 4, 2017 providing, in part, that the parties shall complete all fact discovery by June 1, 2017. ECF No. 945.

Immediately prior to the Court entering the Partial Scheduling Order, Plaintiffs served on Ford a Sixth Set of Requests for Production of Documents ("6th Request for Production") on March 31, 2017. ECF No. 954-1. Thereafter, on April 12, 2017, Plaintiffs served on Ford their Fourth Set of Requests for Admission ("4th Request for Admissions") and their Seventh Set of Requests for Production of Documents ("7th Request for Production"). ECF No. 954-2. Ford argues that, by serving over 363 discovery requests, Plaintiffs are stepping beyond the bounds of mere clean-up of what discovery is remaining and, instead, seeking new discovery. Ford claims that some of this discovery could have been requested months ago, but Plaintiffs waited until the last minute. In fact, despite numerous joint letters and case management conferences, Plaintiffs never indicated to the Court that they intended to serve additional extensive written discovery on Ford. If allowed, Ford argues this discovery likely will require the June 1 discovery completion date be extended as Jodi Schebel, its National Discovery Counsel, estimates "that it will take upwards of 265 hours of attorney and Ford engineer time to prepare responses to the entirety of Plaintiffs' new discovery." *Affidavit of Jodi Schebel*, at 2 (Mar. 13, 2017), ECF No.

---

Magistrate Judge entered her Memorandum Opinion and Order on September 1, 2016. ECF No. 800.

[3]In fact, in the parties' recently proposed schedules, Plaintiffs suggested a fact discovery deadline of June 1, 2017, and Ford proposed May 31, 2017.

954-18. Given the breadth and volume of these requests, Ford objects and seeks a protective order pursuant to Rule 26(c)(1)(A) of the Federal Rules of Civil Procedure.

In their Response, Plaintiffs insist that their requests are not unduly burdensome and were timely filed before the June 1 deadline. Plaintiffs believe Ford overestimates the number of hours it will take to respond to discovery because there is thematic overlap. Moreover, Plaintiffs state the Court never issued a blanket prohibition against additional discovery in its earlier Orders or at the Case Management Conferences, and a protective order would contravene the broad and liberal scope of discovery under Rule 26.

Rule 26(c)(1)(A) provides, in part, that a "court may, for good cause, issue an order to protect a party . . . from . . . oppression, or undue burden or expense, including one or more of the following: (A) forbidding the disclosure of discovery[.]" Fed. R. Civ. P. 26(c)(1)(A), in part. It is well established that the issuance of a protective order under the Rule is within the court's discretion. *M & M Med. Supplies & Serv., Inc. v. Pleasant Valley Hosp., Inc.*, 981 F.2d 160, 163 (4th Cir. 1992) (stating that "[a]n order under rule 26(c) is committed to the discretion of the trial court" (citation omitted)). Additionally, the Fourth Circuit has stated that

> in response to a motion for protective order under Rule 26(c), a district court may limit "the frequency or extent of use of the discovery methods otherwise permitted" under the Federal Rules of Civil Procedure if it concludes that "(i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit." Fed.R.Civ.P. 26(b)(2).

*Nicholas v. Wyndham Int'l, Inc.*, 373 F.3d 537, 543 (4th Cir. 2004). A court may limit "the scope of discovery requests, but 'must be careful not to deprive a party of discovery that is reasonably necessary to afford a fair opportunity to develop and prepare the case.'" *Fangman v. Genuine Title, LLC*, No. CV RDB-14-0081, 2016 WL 560483, at *4 (D. Md. Feb. 12, 2016) (quoting *Innovative Therapies, Inc. v. Meents*, 302 F.R.D. 364, 377 (D. Md. 2014) (citing Fed. R. Civ. P. 26 advisory committee's note)). It is the movant's burden to establish good cause with specific and particular facts in seeking a protective order to limit discovery. Broad conclusory statements are insufficient. *Id*.

In deciding this motion, the Court has carefully reviewed all of the discovery requests. With respect to the 6th Request for Production, the Court finds that some are requests for specific documents that should be produced because their production is not unduly burdensome, and they fall within the type and scope of discovery contemplated by the Court in bringing this four-year process to an end. Other requests, however, are far too broad and unduly burdensome, which almost certainly will result in a delay to the close of fact discovery. After a prolonged discovery process, the Court finds this last minute effort by Plaintiffs to cast such a large net to gather additional discovery is well beyond the bounds of what has been discussed and contemplated by the Court and the parties over the past year. The Court has permitted the parties to engage in extensive discovery and provided Plaintiffs a reasonable and fair opportunity to develop and prepare their case. In addition, the Court has made it abundantly clear and forewarned the parties that discovery will come to an end.

Accordingly, based upon its review of each individual request in the 6th Request for Production, the Court **FINDS** the following requests for specific documents are within the scope of concluding fact discovery and **DIRECTS** Ford to produce these documents **on or before May 24, 2017**: 4, 5, 7, 8, 10, 13, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 30, 31, 33, 34, 36, 37, 38, 39, and 40. These requests identify discrete documents in specifically referenced material and are not otherwise numerous or extensive. To the contrary and for good cause shown, the Court finds in its discretion that the remaining requests are unduly burdensome and outweigh their likely benefit. Therefore, the Court **GRANTS** Ford's Motion for a Protective Order with respect to the following requests: 1, 2, 3, 6, 9, 11, 12, 14, 15, 16, 17, 29, 32, 35, and 41. These requests are broad and open-ended and seek documents "concerning" a large number of topics or documents likely to be voluminous and/or covering a large period.

The Court also has reviewed Plaintiffs' 4th Request for Admissions and the related 7th Request for Production. Based upon this review and for the reasons stated above, the Court finds that these requests are too broad and were made too late in the discovery process. The Court finds the undue burden these requests create at this point in discovery are unlikely to outweigh their benefit. Moreover, many of these requests could have been made months ago, but Plaintiffs chose to wait to serve such extensive discovery until the very end. Although Plaintiffs argue Ford overestimates the amount of time it will take to respond, the Court disagrees with Plaintiffs and finds that Ford's estimate of how long it will take to respond is reasonable and substantiates the undue burden it places upon Ford. Thus, for good cause shown, the Court **GRANTS** Ford's Motion

for a Protective Order with respect to Plaintiffs' 4th Request for Admissions and their 7th Request for Production.

Accordingly, for the foregoing reasons, the Court **DENIES, in part,** and **GRANTS, in part,** Ford's Motion for a Protective Order and Objections to Plaintiffs' Service of New Discovery (ECF No. 954) and **LIFTS** the current stay. The Court **DIRECTS** Ford to produce documents: 4, 5, 7, 8, 10, 13, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 30, 31, 33, 34, 36, 37, 38, 39, and 40 **on or before May 24, 2017**. The Court **GRANTS** a protective order as to the remainder of the discovery.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER: May 9, 2017

ROBERT C. CHAMBERS, CHIEF JUDGE