# IN THE UNITED STATES DISTRICT COURT FOR
# THE SOUTHERN DISTRICT OF WEST VIRGINIA

## HUNTINGTON DIVISION

CHARLES JOHNSON, et al.,

        Plaintiffs,

v.                               CIVIL ACTION NO. 3:13-6529

FORD MOTOR COMPANY,

        Defendant.

## MEMORANDUM OPINION AND ORDER

On February 1, 2018, the Court held a hearing on Ford Motor Company's Motion for Summary Judgment. At the hearing, Plaintiffs sought to have admitted into the record a number of technical reports related to the work of their expert Todd H. Hubing, Ph.D. Ford objected to the admission of the documents, and the Court took the issue under advisement. On February 2, 2018, the Court entered an Order directing the parties to work together and attempt to reach an agreement on the admissibility of the documents. Although the parties did discuss the issue and Plaintiffs narrowed the number of reports they seek to admit, they continue to disagree on whether those documents should be admitted. The parties have filed briefs in support of their respective positions. Upon consideration of the arguments, the Court **DENIES** Plaintiffs' oral motion to admit the documents.

In support of their position, Plaintiffs assert the technical reports they seek to admit consist of work Dr. Hubing conducted from June 2009 through August 2014, and they serve as the foundation of his peer-reviewed study that was published in the Institute for Electrical and

Electronics Engineers (IEEE). Dr. Hubing referenced these technical reports and included them in an Appendix to his IEEE article. Plaintiffs assert these technical reports provide the data to support Dr. Hubings' study that Ford claims is missing.

Although Ford agrees that Dr. Hubing identified the material in his IEEE article, none of the technical reports were individually identified or discussed in Plaintiffs' Response to Ford's Motion for Summary Judgment or in its Response to Ford's *Daubert* motion to exclude Dr. Hubings' testimony. Likewise, Ford states Plaintiffs did not reference any specific passage from those documents at either the summary judgment hearing or the *Daubert* hearing. Ford argues Plaintiffs' last-minute decision to submit these documents at the summary judgment hearing denies it the opportunity to respond. Moreover, the technical reports involve highly complex engineering principles that are not easily understood. Ford insists Plaintiffs' failure to have Dr. Hubing explain the technical significance of these documents leaves the Court without any meaningful basis upon which to draw any conclusions based upon those reports for purposes of summary judgment.

Upon review, the Court agrees with Ford. Plaintiffs attempt to supplement the records with technical reports at the summary judgment hearing prevents Ford the opportunity to respond, challenge, or explain those reports. Moreover, these reports are highly technical, and it is not this Court's role to parse through them to determine whether there are sufficient facts to support Dr. Hubings' IEEE article or Plaintiffs' claims. *See Hoosier v. Greenwood Hosp. Mgmt. LLC*, 32 F. Supp. 3d 966, 972 (N.D. Ill. 2014) ("[I]t is not the role of the court to parse the parties' exhibits to construct the facts. Judges are not like pigs, hunting for truffles buried in briefs. Nor are they

archaeologists searching for treasure. It simply is not the court's job to sift through the record to determine whether there is sufficient evidence to support a party's claim. Rather, it is an advocate's job . . . to make it easy for the court to rule in his client's favor[.]" (Internal quotation marks, brackets, and citations omitted)). Accordingly, for these reasons, the Court **DENIES** Plaintiffs' eleventh-hour attempt at the summary judgment hearing to bolster the record by introducing Dr. Hubings' technical reports.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER: March 13, 2018

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE